# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA[1]

| | |
|---|---|
| MATTHEW ANDREW DAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEWARD SHERMAN, et al.,<br><br>　　　　Defendants. | No.: 1:18-cv-01628 BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br>(Doc. No. 1)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL, WITHOUT PREJUDICE<br>(Doc. No. 8, 9)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Matthew Andrew Davis is a state prisoner proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed on November 27, 2018. (Doc. No. 1.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a

---

[1] As discussed below, Plaintiff asserts that he is visually impaired, and requires large print documents to read. As an accommodation, the Court is providing this document in large print.

1

claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv*., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff names as defendants: Steward Sherman, the warden of the California Substance Abuse Treatment Facility and State Prison ("CSATF") in Corcoran, California; F. Torres, Correctional Counselor at CSATF; A. Hernandez, Correctional Case Records Analyst at CSATF; and C. Ramos, SSA Appeals Coordinator at CSATF. Plaintiff also names as Defendants various state officials, including Board of Prison hearings staff, district attorneys, judges, public defenders, a litigation assistant, and an appellate program attorney.

Plaintiff alleges that when originally sentenced, he was granted parole eligibility, and was expected to be released within sixty days. While he was in

| | |
|---|---|
| 1 | custody, the district attorney added charges of possessing a knife and priors to his |
| 2 | case, which unjustly removed his parole eligibility, resulting in denying him his |
| 3 | right to be released from prison. |

Plaintiff argues that adding charges after his conviction violates his Fifth Amendment right against double jeopardy, as the sentencing judge sentenced him to a second term rather than releasing him, and the Board of Prison hearing staff denied his parole on improper grounds (specifically, the additional charges). A.B. 1810 directs the courts to dismiss Plaintiff's charges after placing him in a mental hospital. Plaintiff also argues that he was denied his Sixth Amendment right to adequate counsel. He is falsely imprisoned, and there has been a wrongful conviction.

Plaintiff also alleges that he should be held at Porterville Mental Health Hospital rather than being held at CSATF, as he has an untreated mental, emotional illness.

**III. Discussion**

    **A.    Challenge to Conviction and Sentence**

Plaintiff attaches to his complaint a copy of a state criminal complaint against him, discussing two felony charges of arson in violation of California Penal Code section 451(d), along with prior felony charges alleged to apply to the first two counts. (Doc. No. 1, at 9-10.) Plaintiff also attaches a document showing his sentencing overview and structure, imposing a sentence of sixteen years, including enhancements for two prior felony convictions. Based on Plaintiff's allegations and the attached exhibits, it appears that he is challenging the fact of his conviction, the calculation of his sentence, and the duration of his imprisonment.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under … 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to

particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* (internal citation omitted). Federal courts lack habeas jurisdiction over claims by state prisoners that are not within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 645 (2017). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. *Id.* at 934. "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at "the core of habeas corpus,' and may be brought, if at all, under § 1983." *Skinner v. Switzer*, 562 U.S. 521, 534 n.13 (2011) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *Nettles*, 830 F.3d at 934.

Under these legal standards, because Plaintiff is challenging the fact of his conviction and the duration of his confinement, he may not proceed on that claim in a civil rights action under Section 1983. The proper avenue to seek the relief Plaintiff desires is by way of habeas corpus petition filed pursuant to 28 U.S.C. § 2254.

Venue is proper in a habeas action in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). However, a petition challenging a conviction or the sentence imposed is preferably heard in the district of conviction. *See, e.g.*, *Dannenberg v. Ingle*, 831 F. Supp. 767, 768 (N.D. Cal. 1993) ("Although concurrent jurisdiction to address a petition for writ of habeas corpus exists in both the district of incarceration and in the district of conviction, 28 U.S.C. § 2241(d), traditionally, California federal courts hear petitions for a writ of habeas corpus in the district of conviction.").

Accordingly, Plaintiff must file a habeas corpus petition in the district court containing the sentencing court. Here, it appears that Plaintiff was sentenced in the Stanislaus County Superior Court for the State of California, which is located in the district of the United States District Court for the Eastern District of California,

Fresno Division. Therefore, if he seeks to challenge his conviction, the calculation of his sentence, and the duration of his confinement, a separate habeas corpus petition must be filed in that court.

B.  **Mental Health Treatment**

Plaintiff also alleges that he is not being provided sufficient psychiatric or mental health treatment. As noted above, a claim regarding the conditions of confinement may be brought in a Section 1983 action. Plaintiff does not allege sufficient facts regarding this claim, and the claim appears to arise from his desire to be transferred to Porterville Mental Health Hospital. Plaintiff generally does not have the right to be transferred to the institution of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (no constitutionally protected right to be housed in the institution of one's choice).

Nevertheless, the Court will provide Plaintiff the legal standards for stating a claim related to inadequate mental health or medical treatment, and will allow him leave to amend so that he may attempt to state a cognizable claim, in good faith.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 102-04 (1975). Prisoners' mental health needs are among the medical needs covered by the Eighth Amendment. *See Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); *see also Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care requirements), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

In order to state a claim under the Eighth Amendment, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. The elements the prisoner must show are (1) a serious mental health need; and (2) deliberate indifference to that need by prison officials. *See McGuckin v. Smith*, 974 F.2d

1050, 1059-60 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id*. at 1059-60.

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. *See Farmer*, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, and intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

Deliberate indifference is a high standard, and the prisoner must establish that the indifference to his medical needs is substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Soon Hwang Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); *McGuckin*, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interest or safety.'" *Farmer*, 511 U.S. at 835.

Finally, mere differences of opinion between a prisoner and medical staff, or between medical professionals, as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. *See Toguchi*, 391 F.3d at 1058; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

## IV. Motions to Appoint Counsel

Plaintiff also filed a motion to appoint counsel, on December 10, 2018. (Doc. No. 8.) A later, identical motion was filed on December 14, 2018. (Doc. No. 9.) Plaintiff's motions state that he has a disability covered by the Americans with Disabilities Act, and that he needs an attorney to assist him with understanding the verbiage in his paperwork. Plaintiff's claimed disability is low cognitive function and visual impairment, and he requests items in large print. His motions state that they are prepared with the assistance of an aid providing scribing services.

Plaintiff does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. Although the record is brief, Plaintiff's complaint shows that he is adequately able to articulate his claim in light of the low complexity of

the issues raised. Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

As an accommodation to Plaintiff regarding his visual impairment, the Court will attempt to send its orders in large print, to the extent possible.

For the above reasons, Plaintiff's motion to appoint counsel (Doc. No. 8) will be denied, without prejudice.

**V.     Conclusion**

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief. As Plaintiff is proceeding *pro se*, the Court will grant Plaintiff an opportunity to amend his complaint to attempt to state a claim regarding his mental health condition, to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's motions to appoint counsel, filed on December 10, 2018 and December 14, 2018 (Doc. Nos. 8, 9) are denied, without prejudice;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint as described by the Court in this order, or file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a); and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action</u>.

IT IS SO ORDERED.

Dated: **December 28, 2018**             /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE