**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ANDREW DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>STEWARD SHERMAN, et al.,<br><br>Defendants. | Case No. 1:18-cv-01628-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.   Introduction**[1]

Plaintiff Matthew Andrew Davis is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 28, 2018, the Court screened Plaintiff's complaint and determined that Plaintiff's complaint failed to state a cognizable claim for relief. (ECF No. 10.) On February 7, 2019, Plaintiff filed a first amended complaint.

---

[1] As noted in the Court's December 28, 2018 screening order, Plaintiff asserts that he is visually impaired and requires large print documents in order to be able to read. As an accommodation, the Court is providing this order in large print.

1

(ECF No. 11.) Plaintiff's first amended complaint has not yet been screened.

Currently before the Court is Plaintiff's filing titled, "Order Directing Defendants to Place Compensatory, Punitive, Reliancce, Past Damages, Consquenial, Nominal, Future, and Treble Damages/Awards – Into a Bank Near Corcoran Prison that Plaintiff Mr. Matthew Davis Can Call or Write to Access His Funds," filed on March 18, 2019. (ECF No. 12 (unedited text).) Plaintiff asserts that he has provided the defendants with two proposed consent decree orders in hopes of bringing this case to an agreed-upon completion without taking the Court through a succession of drawn-out hearings and discovery. Further, Plaintiff requests that the Court issue an order directing the defendants to place a damage award in the amount of $10,888,987.00 in a bank near California Substance Abuse Treatment Facility and State Prison, Corcoran so that Plaintiff and another inmate, Christopher G. Fortinsmith, CDCR # AV0684, can access the funds by phone or mail in order to utilize the funds for future medical expenses. (Id.)

The Court liberally construes Plaintiff's filing as a motion seeking a preliminary injunction requiring defendants to accept at least one of the two proposed consent decree orders, to deposit a damage award in the amount of $10,888,987.00 in a bank near California Substance Abuse Treatment Facility and State Prison, Corcoran, and to provide Plaintiff and another inmate access to the deposited funds by phone or mail.

**II. Discussion**

    **A. Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction

may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

"[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); SEC v. Ross, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 492–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. Summers, 555 U.S. at 492–93; Mayfield, 599 F.3d at 969.

**B.     Discussion**

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's first amended complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon

which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Since Plaintiff's original complaint failed to state a cognizable claim for relief and Plaintiff's first amended complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, at this time, the Court lacks personal jurisdiction over any defendants, and it cannot issue an order requiring them to take any action.

## III. Order and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 12), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 20, 2019**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

4