# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ANDREW DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>STEWARD SHERMAN, et al.,<br><br>Defendants. | Case No. 1:18-cv-01628-LJO-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 16)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 17)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Matthew Andrew Davis is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.[1] This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

---

[1] As noted in the Magistrate Judge's December 28, 2018 screening order, Plaintiff asserts that he is visually impaired and requires large print documents in order to be able to read. As an accommodation, the Court is providing this order in large print.

1

636(b)(1)(B) and Local Rule 302.

## I. Introduction

On September 25, 2019, the Court found that Plaintiff's first amended complaint failed to comply with Federal Rule of Civil Procedure 8 and failed to state any cognizable claim for relief. (ECF No. 15.) The Court granted Plaintiff thirty days, running from the date of service of the order, to file either a second amended complaint or a notice of voluntary dismissal. (Id. at 16.) Plaintiff was expressly warned that, if he failed to comply with the Court's order, the Court would recommend to the District Judge that this action be dismissed for failure to prosecute and failure to obey a court order. (Id. at 16.)

On November 18, 2019, after Plaintiff failed to file a second amended complaint or otherwise communicate with the Court, the Court issued findings and recommendations to dismiss this action, with prejudice, based on Plaintiff's failure to state any cognizable claim upon which relief may be granted, failure to obey the Court's September 25, 2019 screening order, and failure to prosecute this action. (ECF No. 16.) The findings and recommendation were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 18.)

Currently before the Court is a letter from Plaintiff, filed on December 11, 2019. (ECF No. 17.) Since Plaintiff's letter states that Plaintiff "need[s] more time and legal assistance to help me with the Amended Complaint[,]" the Court construes Plaintiff's letter as a motion for an extension of time to file a second amended complaint and a motion for appointment of counsel. (Id.)

## II. Motion for Extension of Time to File Second Amended Complaint

In his letter to the Court, Plaintiff requests an extension of time to file a second amended complaint. Plaintiff asserts that he missed the deadline to file a second amended complaint because he "got moved around a lot" and the "staff in the library there to help me was out." (Id.)

Having considered the request, the Court finds that Plaintiff has demonstrated good cause for an extension of time. Fed. R. Civ. P. 6(b). Therefore, Plaintiff's motion for an extension of time to file a second amended complaint is granted. In light of the extension of time to file a second amended complaint, the findings and recommendations issued on November 18, 2019 are vacated.

### III. Motion for Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

Here, Plaintiff argues that he needs legal assistance to help him with the second amended complaint because he claims to have a disability covered under the Americans with Disabilities Act, which makes it "hard for me to read, write and/or understand material regarding my case." (ECF No. 17.) Further, Plaintiff's letter states that P. Bacher, a Library Technical Assistant at the California Substance Abuse Treatment Facility and State Prison, Corcoran, provided "scribing services

verbatim in writing this letter per inmate[]" pursuant to the Armstrong and Clark remedial plans because Plaintiff claims that he has a disability of "low cognitive function." (Id.)

"An incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence." Meeks v. Nunez, No. 13CV973-GPC(BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017). Further, the Court must be able to find a nexus between the mental disability and Plaintiff's ability to articulate his claims. See McElroy v. Cox, No. 08-1221-JM (AJB), 2009 WL 4895360, at *2 (E.D. Cal. Dec. 11, 2009). In this case, while Plaintiff alleges that he has a disability of low cognitive function and that this disability makes it difficult for him to read, write and/or understand material regarding his case, Plaintiff has failed to provide the Court with any medical evidence to substantiate the scope of his mental impairment due to his claimed disability and any evidence demonstrating that his mental impairment would impair his prosecution of this action. See Meeks, 2017 WL 476425, at *3 (denying appointment of counsel when plaintiff submitted a document asserting a mental impairment of schizoaffective disorder, but failed to submit any medical records to support his diagnosis or any documents demonstrating the effects of his diagnosis on the prosecution of the case); West v. Dizon, No. 2:12-cv-1293-DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying appointment of counsel where plaintiff alleged that he had a mental disability, but failed to provide the court with any "evidence detailing its nature or effects"). Therefore, the Court finds that Plaintiff's claimed mental disability does not establish exceptional circumstances warranting the appointment of counsel.

Further, since Plaintiff has not sufficiently pled any cognizable claim for relief, Plaintiff has yet to demonstrate that he has a likelihood of succeeding on the merits of his cognizable claim or claims. Finally, based on a review of the record in this case, the Court finds that the legal issues in this case do not appear to be

particularly complex and that Plaintiff can adequately articulate his claims, apparently with the aid of other inmates or prison staff.

Therefore, the Court concludes that Plaintiff has not demonstrated the exceptional circumstances necessary to warrant appointment of counsel. Consequently, the Court denies, without prejudice, Plaintiff's motion for appointment of counsel.

**IV. Order**

Accordingly, IT IS HEREBY ORDERED that:
1. The findings and recommendation issued on November 18, 2019, (ECF No. 16), are VACATED;
2. Plaintiff's motion for an extension of time to file a second amended complaint, (ECF No. 17), is GRANTED;
3. Plaintiff is directed to file a second amended complaint within **thirty (30) days** from the date of service of this order; and
4. Plaintiff's motion for appointment of counsel, (ECF No. 17), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 17, 2019**　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

5