# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ANDREW DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>STEWARD SHERMAN, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-01628-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM FOR RELIEF<br><br>(ECF No. 19)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Matthew Andrew Davis is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.[1] On December 28, 2018, the Court screened Plaintiff's complaint and granted Plaintiff leave to file a first amended complaint. (ECF No. 10.) On September 25, 2019, the Court screened Plaintiff's first amended complaint and granted Plaintiff leave to file a second amended complaint. (ECF No. 15.)

Currently before the Court for screening is Plaintiff's second amended complaint, filed on January 6, 2020. (ECF No. 19.)

---

[1] As noted in the Court's December 28, 2018 screening order, Plaintiff asserts that he is visually impaired and requires large print documents in order to be able to read. As an accommodation, the Court is providing this order in large print.

1

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Summary of Plaintiff's Allegations

Plaintiff is currently housed at California Substance Abuse Treatment

Facility and State Prison, Corcoran ("CSATF"), where he alleges that many of the events at issue in this action took place. Plaintiff names the following defendants: (1) CSATF Warden Steward Sherman; (2) Appeals Coordinator A. Hernandez; (3) Rhonda Dotta Skipper, an employee of the Board of Prison Hearing; (4) Tara Doetzeh, an employee of the Board of Prison Hearing; (5) Fisher, who is employed as a Stanislaus County District Attorney; (6) Dina Petrushenko, who is employed as a Stanislaus County District Attorney; (7) Stanislaus County Superior Court Judge Joseph Richard; (8) Sweena Pune, who is employed as a Stanislaus County Public Defender; (9) Molly Petchenik, a litigation assistant with the Prison Legal Office; (10) Carol Foster, an attorney with the Central California Appellate Program; (11) Stanislaus County Superior Court Judge Stacy P. Speiller; (12) Gabby Sergi, a litigation assistant at the Prison Law Office; and (13) Rosen Bien Galvan & Grunfeld, attorneys representing the Prison Law Office.

Plaintiff alleges as follows:

> I am a mental disordered offender (MDO) and I have requested a mental health evaluation report so that I can present these documents to the Board of Prison Hearings, but I have been denied. I went to Board of Prison Hearings (BPH) in 2016, 2017, and 2018. I was denied parole because I was not eligible under MDO, proposition 57. I was denied parole because the Defendants did not provide staff assistance so that I could understand the proceedings and I was denied the opportunity to present documents to show that I am mentally suitable for parole.

(ECF No. 19, at 3-4.)

As relief, Plaintiff states: "I need staff assistance at my parole hearings. I am documented as having a learning disability, developmental disorder and MDO. I would like a fair parole hearing. (Id. at 5.)

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement

3

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss, 572 F.3d at 969. Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

In this case, while Plaintiff's complaint is short, it is not a plain statement of his claims. Most of Plaintiff's allegations are vague and conclusory statements unsupported by any facts. Instead, Plaintiff has appended 174 pages of exhibits to his 6-page complaint, apparently anticipating that the Court would cull through the exhibits to ferret out the facts in support of his conclusory allegations. However, Plaintiff must state all of his factual allegations in the body of his complaint. As currently pled, Plaintiff's complaint does not contain enough factual content to allow the Court to draw the reasonable inference that any named Defendant is liable for any misconduct alleged against them. Iqbal, 556 U.S. at 678. Despite being previously advised of this deficiency and given leave to amend, Plaintiff has been unable to cure this deficiency.

**B.   Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

///

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff has identified thirteen separate Defendants, but Plaintiff has not alleged what each separately named Defendant did, or did not do, to violate his constitutional rights. Instead, Plaintiff's allegations only refer to Defendants collectively. Therefore, Plaintiff has failed to allege a cognizable claim against any named Defendant. Despite being previously advised of the linkage requirement and given leave to amend, Plaintiff has been unable to cure this deficiency.

**C. Supervisory Liability**

To the extent Plaintiff seeks to hold Defendant Sherman or any other Defendant liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Here, since Plaintiff has failed to attribute any of the alleged unconstitutional conduct to any specific individual Defendant, the Court cannot determine if Plaintiff is attempting to hold any supervisory Defendant liable based solely upon the conduct of their subordinates. Nevertheless, to the extent that Plaintiff is attempting to impose liability on any supervisory Defendant based on a *respondeat superior* theory of liability, this theory of liability is not cognizable under § 1983. Despite being previously advised of this deficiency and given leave to amend, Plaintiff has been unable to cure this deficiency.

### D. Favorable Termination Rule

As a general matter, prisoners may not challenge the fact or duration of their confinement in a § 1983 action. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or Heck bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81 (italics in original); see Heck v. Humphrey, 512 U.S. 477, 481-82, 487 (1994). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought

(damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82. Further, "[t]he California Supreme Court has not distinguished between the application of Heck to § 1983 claims and the application of analogous California law to state-law claims." Hooper v. County of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011) (citing Yount v. City of Sacramento, 43 Cal.4th 885, 902 (2008)). Therefore, Plaintiff's continuing confinement will bar his § 1983 and state law claims if those civil claims "would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence[.]" Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (internal punctuation omitted).

Here, Plaintiff contends that he was denied parole because the Defendants did not provide him with staff assistance so that he could understand the proceedings and because he was denied a mental health evaluation report that he could present to the Board of Prison Hearings to show that he is mentally suitable for parole. While Plaintiff has phrased his claims in due process terms, it is clear that what Plaintiff is really challenging is the merits of the parole board's decision to deny Plaintiff parole.

However, "[f]ew things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997). Therefore, since Plaintiff's claims necessarily implicate the validity of his continuing confinement, his claims are only cognizable if the decision to deny Plaintiff parole has been reversed or invalidated. Heck, 512 U.S. 481, 486-87 (stating that "in order to recover damages for allegedly unconstitutional conviction or imprisonment … a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[]"). Here, Plaintiff has failed to allege any facts demonstrating that the decision to deny Plaintiff parole has been reversed, expunged, or called into question by a state or federal court's issuance of a writ of habeas corpus. Therefore, the Court determines that Plaintiff's claims are barred by the favorable termination rule announced in Heck. Despite being previously advised of the favorable termination rule and given leave to amend, Plaintiff has been unable to cure this deficiency.

### E. No Constitutional Right to Parole

To the extent that Plaintiff is challenging the decision of the parole board, Plaintiff does not have a § 1983 claim for actions of the parole board. There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. Swarthout v. Cooke, 562 U.S. 216, 131 S. Ct. 859, 862 (2011) (*per curiam*).

### F. Habeas Action

To the extent that Plaintiff is attempting to challenge the validity of his continuing incarceration, the exclusive method for asserting that challenging is by filing a petition for writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and that their sole remedy lies in habeas corpus relief. Wilkinson, 544 U.S. at 78 ("[A] prison in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead."). In this case, since it is not clear that Plaintiff is seeking habeas corpus relief, the Court declines to convert Plaintiff's § 1983 action into a habeas petition. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) ("When the intent to bring a habeas petition is not clear, … the district court

should not convert a defective section 1983 claim into a habeas petition.").

### G. State Law Claims

California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board (prior to July 1, 2016) or the Department of General Services' Government Claims Program (July 1, 2016 and after) no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a timely written claim and action on, or rejection of, the claim are conditions precedent to suit. DiCampli-Mintz v. County of Santa Clara, 55 Cal.4th 983, 989-90 (2012); see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Therefore, in order to state a tort claim against a public employee, a plaintiff must allege compliance with California's Government Claims Act. DiCampli-Mintz, 55 Cal.4th at 990; see also Mangold, 67 F.3d at 1477.

Here, to the extent that Plaintiff is attempting to bring any state law claims, Plaintiff has failed to allege that he complied with California's Government Claims Act. Accordingly, Plaintiff has failed to state any cognizable state law claims. Despite being previously advised of this deficiency and given leave to amend, Plaintiff has been unable to cure this deficiency.

### IV. Conclusion and Recommendation

For the reasons discussed herein, Plaintiff's second amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards in the Court's prior orders screening Plaintiff's original and first amended complaints, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may

granted.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 28, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE