| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| MATTHEW ANDREW DAVIS, | No. 1:18-cv-01628-NONE-BAM (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| STEWARD SHERMAN, et al., | |
| Defendants. | (Doc. No. 20) |

Plaintiff Matthew Andrew Davis is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.[1] This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 28, 2020, the assigned magistrate judge issued findings and recommendations recommending dismissal of this action, with prejudice, for failure to state a cognizable claim upon which relief may be granted. (Doc. No. 20.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id*.

---

[1] As noted in the magistrate judge's December 28, 2018 screening order, plaintiff asserts that he is visually impaired and requires large print documents in order to be able to read. As an accommodation, the court is providing this order in large print.

1

at 10.) No objections have been filed, and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds that the findings and recommendation are supported by the record and by proper analysis.

Plaintiff is currently housed at the California Substance Abuse Treatment Facility and State Prison, Corcoran (CSATF). The findings and recommendations correctly focus on the heart of plaintiff's second amended complaint, namely his allegation that:

> I am a mental disordered offender (MDO) and I have requested a mental health evaluation report so that I can present these documents to the Board of Prison Hearings, but I have been denied. I went to Board of Prison Hearings (BPH) in 2016, 2017, and 2018. I was denied parole because I was not eligible under MDO, proposition 57. I was denied parole because the Defendants did not provide staff assistance so that I could understand the proceedings and I was denied the opportunity to present documents to show that I am mentally suitable for parole.

(Doc. No. 19 at 3-4.) In terms of relief, plaintiff requests: "staff assistance at my parole hearings. I am documented as having a learning disability, developmental disorder and MDO. I would like a fair parole hearing." (*Id*. at 5.)

The pending findings and recommendations correctly conclude that plaintiff's allegations fail to state any claim under § 1983 because: (1) he fails to connect any of the thirteen named defendants to any alleged violation of his rights; and (2) a civil rights action challenging the procedures used in the denial of parole is subject to the "favorable termination" rule articulated in *Heck v. Humphrey*, 512 U.S. 477, 483–84 (1994). Because plaintiff has failed to allege any facts demonstrating that the decision to deny parole has been reversed, expunged, or called into question by a state or federal court's issuance of a writ of habeas corpus, his claims are barred by the favorable termination rule. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). Plaintiff has been advised by the court of the

favorable termination rule and has previously been granted leave to amend but has failed to cure the identified defects of his complaint. As a result, dismissal for failure to state a claim without further leave to amend is appropriate.

In addition, the findings and recommendations correctly explain that the exclusive method for plaintiff to assert a challenge to the validity of his continuing incarceration is a petition for a writ of habeas corpus. Here, however, because it is not entirely clear that plaintiff intends to pursue a habeas corpus petition in this court, it is generally appropriate for the court to decline to convert a § 1983 claim into a habeas petition.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendation issued on January 28, 2020, (ECF No. 20), are adopted in full;
2. This action is dismissed, with prejudice, due to plaintiff's failure to state a claim upon which relief may be granted; and
3. The Clerk of Court is directed to assign a district judge to this case for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **February 24, 2020**

UNITED STATES DISTRICT JUDGE